[Cite as *State v. Matthews*, 2015-Ohio-3297.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-14-031

      Appellee                                     Trial Court No. 14 CR 043

v.

Ronald R. Matthews, Sr.                    **DECISION AND JUDGMENT**

      Appellant                                   Decided:  August 14, 2015

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Amanda A. Krzystan, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a July 29, 2014 judgment of the Ottawa County Court of Common Pleas, which convicted appellant, Ronald Matthews, of one count of domestic violence, in violation of R.C. 2919.25(A).  For the reasons set forth below, this court affirms the judgment of the trial court.

**{¶ 2}** On appeal, appellant sets forth the following two assignments of error:

I. Appellant's conviction of domestic violence was contrary to the manifest weight of the evidence.

II. The court erred in allowing the jury to decide the lesser-included offense of domestic violence after defendant's Rule 29 motion for acquittal had been granted due to the State's failure to present sufficient evidence to convict appellant of domestic violence.

**{¶ 3}** On May 7, 2013, a 9-1-1 emergency call was made by a distraught caller in Port Clinton, Ohio. The woman reported that she had just been severely beaten and was badly bleeding. She conveyed that her assailant was her fiancé, appellant, with whom she resided.

**{¶ 4}** In response to the call for emergency assistance, Sergeant Nelson ("Nelson") of the Port Clinton Police Department was quickly dispatched to the West Fifth Street home shared by appellant and the victim. Upon arrival, Nelson immediately observed that the victim had been struck in the face with such force that her nose was profusely bleeding. Based upon the investigation conducted by Nelson subsequent to his arrival at the scene, he determined that the victim's injuries were caused by appellant. Accordingly, Nelson arrested appellant, photographed the victim's injuries, and documented the incident and investigation.

**{¶ 5}** On May 14, 2014, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a felony of the second degree, one count of domestic

2.

violence, in violation of R.C. 2919.15(A), a felony of the third degree, and one count of aggravated assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth degree. For evidentiary reasons, Counts 1 and 3 were subsequently dismissed, and the remaining charge was amended to one count of domestic violence, in violation of R.C. 2919.15(A), a fourth-degree felony.

{¶ 6} On July 29, 2014, the single count of domestic violence proceeded to trial. The state presented three primary witnesses in support of the charge. The witnesses included the victim, Nelson, the responding and investigating officer, and Sergeant Lucas, the 9-1-1 records custodian.

{¶ 7} The victim's testimony affirmed that she was appellant's fiancé and that she resided with him at the time of the underlying incident. Nelson testified that while on duty on May 7, 2014, he responded to the residence shared by appellant and the victim. Nelson observed that the victim was visibly shaken and bleeding significantly on her face, particularly in the nose area. Upon investigating and determining that appellant had inflicted the injuries, the victim was sent for medical treatment and appellant was arrested for striking the victim and punching her in the face. Lastly, the deputy who serves as the 9-1-1 records custodian was called and the 9-1-1 recording of the victim's call was authenticated and played, conveying in relevant part, "I was trying to defend myself. [Appellant] got all pissed off at me and beat the shit out of me, I am bleeding."

{¶ 8} Following witness testimony and prior to resting, the state moved for a jury instruction on the lesser-included offense of domestic violence, in violation of R.C.

3.

2919.25(A), a first-degree misdemeanor. After the state rested, appellant moved for acquittal in accordance with Crim.R. 29.

{¶ 9} The court granted appellee's motion for the jury instruction on the lesser-included offense and also granted, in part, appellant's motion. The court found that the state provided adequate evidence for the jury to consider whether appellant was guilty of the lesser included offense of misdemeanor level domestic violence but not adequate evidence to consider the initial fourth degree felony domestic violence charge as appellee failed to effectively establish the element of a prior domestic violence conviction. The jury found appellant guilty of the lesser, misdemeanor level domestic violence offense. Appellant was sentenced to a term of incarceration of six months. This appeal ensued.

{¶ 10} In the first assignment of error, appellant asserts that his conviction for domestic violence was contrary to the manifest weight of the evidence. Appellant contends that the state failed to provide sufficient evidence to establish that the victim was a "household member." Appellant further suggests that the state failed to show that appellant caused physical harm to the victim. We do not concur.

{¶ 11} When assessing whether a trial court decision was against the manifest weight of the evidence, the appellate court reviews, "[T]he entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed

4.

and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), ¶ 17-18.

{¶ 12} We have considered appellant's arguments and reviewed the record of evidence in this matter. The record does not reflect, and appellant does not establish, that the trial court lost its way or caused a manifest miscarriage of justice. Appellant's principal argument is that appellant's conviction of domestic violence should be overturned because the state did not prove that the victim was a family or household member. In support, appellant asserts that the state did not prove cohabitation between the victim and appellant.

{¶ 13} Contrary to appellant's position, the Supreme Court of Ohio has established that it is unnecessary to show that a defendant and victim shared familial or financial obligations so long as they share a residence. *State v. McGlothan*, 138 Ohio St.3d 146, 149, 2014-Ohio-85, 4 N.E.3d 1021, ¶ 15.

{¶ 14} Regardless, the record in this matter clearly reflects that the state proved that the victim and appellant lived together in a jointly shared residence. The victim furnished unrefuted testimony that the parties cohabitated at the residence where the police responded to her 9-1-1 call. This testimony was further collaborated by Nelson's testimony as the investigating officer. In conjunction with this, the victim further testified that she was engaged to appellant, which exceeds the evidentiary threshold as a familial relation is not necessary to establish the element of the victim being a household member of the perpetrator.

5.

{¶ 15} Appellant further makes the unsupported claim that the state failed to prove that appellant caused physical injury to the victim, a principal element of the disputed conviction.

{¶ 16} Our review of the record reveals that this element was conclusively established. Exhibit No. 1 displays Nelson's photographs of the victim's injuries from the scene of the crime, taken shortly after the incident. The photos of the victim clearly show blood running from her nose and mouth onto her face, as well as blood spattered onto the victim's shirt and cell phone. In addition, exhibit No. 2 includes a recording of the victim's 9-1-1 phone call from the night of the incident. In this exhibit, the victim can be heard conveying to the 9-1-1 dispatcher, "My fiancé just beat me up." She further elaborates, "He got all pissed off at me and beat the shit out of me, I am bleeding." Lastly, this evidence establishing the element of injury is further bolstered by Nelson's unrefuted testimony following his investigation that appellant inflicted the victim's injuries.

{¶ 17} The record reflects ample evidence in support of the conviction. No manifest miscarriage of justice has been shown. Based upon the forgoing, we find appellant's first assignment of error not well-taken.

{¶ 18} In the second assignment of error, appellant asserts that the trial court erred in allowing the jury to decide the lesser-included offense of domestic violence, a first-degree misdemeanor.

6.

**{¶ 19}** It is well-established that decisions regarding jury instructions are clearly "within the sound discretion of the trial court and will not be disturbed on appeal unless the record affirmatively demonstrates an abuse of discretion on the facts and circumstances of the particular case." *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989). Furthermore, in order to establish an abuse of discretion, there must be "more than a mere error of law or judgment; instead, [an abuse of discretion] implies that a trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 91.

**{¶ 20}** The record reflects that the state moved for an instruction on the lesser-included offense of domestic violence, a misdemeanor of the first degree, prior to resting and before appellant moved for acquittal. As such, claims that the trial court's action in permitting consideration of the lesser included offense are without merit. Wherefore, we find appellant's second assignment of error to be not well-taken.

**{¶ 21}** On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____
                                                    JUDGE

Thomas J. Osowik, J.

                                        _____
James D. Jensen, J.                           JUDGE
CONCUR.

                                        _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.